UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE W. FREEMAN,

    Plaintiff,

v.                                                         CASE NO: 8:08-cv-1612-T-23EAJ

WILLIE WAYNE MACK, et al.,

    Defendants.

_____/

**ORDER**

On June 20, 2008, the plaintiff sued (Doc. 2) Willie Wayne Mack ("Mack"), Officer Lila Bennett ("Officer Bennett") of the Lakeland Police Department, and the City of Lakeland ("the City") in state court. The original complaint asserts (1) a defamation claim against Mack, (2) a claim pursuant to 42 U.S.C. § 1983 against Officer Bennett, individually, for excessive use of force, and (3) a battery claim against the City. On August 15, 2008, the City and Officer Bennett removed (Doc. 1) this action from state court in Polk County, Florida. A September 19, 2008, order (Doc. 11) dismisses the Section 1983 claim for failure to state a claim and grants leave to amend. On October 9, 2008, the plaintiff amended the complaint. The amended complaint (Doc. 13) contains nearly identical allegations but adds claims against the City for inadequate training under Section 1983 (Count III) and negligence (Count IV). The amended complaint again asserts the excessive-force claim (Count II) dismissed by the September 19, 2008, order. Officer Bennett and the City move (Doc. 17) to dismiss

Counts II, III, and IV of the amended complaint, and the plaintiff responds (Doc. 19) in opposition.

## Standard of Review

In evaluating the sufficiency of a complaint, well-pleaded facts are accepted as true and resolved most favorably to the plaintiff. Beck v. Deloitte & Touche, 144 F.3d 732 (11th Cir. 1998) (citing St. Joseph Hospital Inc. v. Hospital Corp. of Am., 795 F.2d 948 (11th Cir. 1986)).  Under the Federal Rules of Civil Procedure "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  However, neither a conclusory allegation nor "a legal conclusion couched as a factual allegation" bolsters the sufficiency of a complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996).

Officer Bennett asserts entitlement to qualified immunity.  (Doc. 17, ¶ 2) "Because qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation,' questions of qualified immunity must be resolved 'at the earliest possible stage in the litigation.'" Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) and Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam)).  The Eleventh Circuit imposes a heightened pleading requirement for civil rights cases involving a qualified immunity defense. "'[M]ore than mere conclusory notice pleading is required. . . . [A] complaint will be dismissed as insufficient where the allegations [in the complaint] are vague and conclusory.'"

Gonzalez, 325 F.3d at 1235 (quoting Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)).[1]

### Background

At approximately 9:00 P.M. on June 25, 2006, Mack called the police and reported that the plaintiff and other individuals had broken into a home in Lakeland, Florida. Mack allegedly told the police that he owned the home and that the plaintiff and other burglars were still inside. The plaintiff alleges that he lawfully resided in the home.

Officer Bennett, several other Lakeland police officers, and a police dog promptly responded to Mack's report. The officers entered the home and handcuffed two individuals who were sitting in the living room. An officer asked the two occupants if anyone else was in the home. One of the occupants responded that the plaintiff was asleep in one of the bedrooms. The officers awakened the plaintiff by demanding, "Come out or I'll send the dog in." (Doc. 13, ¶ 16) In the amended complaint, the plaintiff alleges that a Lakeland police officer released the dog simultaneously with the demand.[2] (Doc. 13, ¶ 16) The plaintiff responded, "Soon as I put my clothes on I'll be out." (Doc. 13, ¶ 17) Before the plaintiff could "slide" into his pants, the police dog entered the room and bit the plaintiff's right leg. (Doc. 13, ¶ 18)

Officer Bennett entered the bedroom and commanded the dog to release the plaintiff, but the dog disobeyed. While Officer Bennett tried to force the dog to release

---

[1] But see Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) (refusing to apply a heightened pleading standard in the employment discrimination context).

[2] This new allegation—one of only two new factual allegations in the amended complaint—completely contradicts the next paragraph of the complaint, which alleges that the plaintiff had time to respond to the demand by stating, "Soon as I put my clothes on I'll be out." (Doc. 13, ¶ 17)

- 3 -

the plaintiff, another officer handcuffed the plaintiff.  Eventually, Officer Bennett pulled the dog from the plaintiff's leg, and the plaintiff was escorted to a police vehicle.  The officers later learned that the plaintiff lawfully resided in the home, and Officer Bennett allegedly told the plaintiff, "We made a mistake; there was a misunderstanding." (Doc. 13, ¶ 30)  As a result of the dog bite, the plaintiff required stitches and "was able to ambulate only with the aid of crutches for weeks thereafter." (Doc. 13, ¶ 29) The plaintiff alleges that "[a]t all times during plaintiff's contact with defendants, plaintiff behaved lawfully and peacefully.  Plaintiff never displayed any weapon or threatened the safety of any person . . . in any way."  (Doc. 13, ¶ 33)

## Discussion

The September 19, 2008, order (Doc. 19) dismisses Count II for failure to state a claim.  Applying the three-factor analysis described in Graham v. Connor, 490 U.S. 386 (1989), the order finds that Officer Bennett acted reasonably by releasing the dog and that, even if the complaint states a claim, Officer Bennett enjoys qualified immunity. Attempting to state a claim for excessive use of force, the plaintiff adds only two substantive allegations to the amended complaint.  First, the plaintiff alleges that Officer Bennett released the dog simultaneously with her demand that the plaintiff emerge from the bedroom.  (Doc. 13, ¶ 16)  Second, the plaintiff alleges that he behaved lawfully during his interaction with the defendants.  (Doc. 13, ¶ 33)  Neither new factual allegation cures the plaintiff's failure to allege a constitutional violation by Officer Bennett.

- 4 -

The September 19, 2008, order states that "Officer Bennett's use of force to protect her own safety, even if swift and aggressive, remains within the bounds of reason and falls short of excess." (Doc. 11 at 6)  Although alleging that Officer Bennett released the dog simultaneously with the demand that the plaintiff emerge from the bedroom, the plaintiff also alleges that he "yelled in response, 'Soon as I put my clothes on I'll be out.'" (Doc. 13, ¶ 17)  The plaintiff argues that the simultaneous warning and release of the dog precluded any opportunity for the plaintiff to surrender.  However, as noted previously, "Although often requiring a verbal warning and an opportunity for surrender before releasing a dog, the reasonable deployment of force does not require an officer responding to a burglary to allow a suspect time to escape or arm himself." (Doc. 11 at 7 n.3)

Even if a warning were required in this case, the amended complaint states that Officer Bennett warned the plaintiff of the presence of the dog and that the plaintiff responded equivocally to the warning.  (Doc. 13, ¶¶ 16-17)  The plaintiff's equivocal response justified Officer Bennett's use of the dog to prevent the plaintiff from using any incremental delay to escape or attack.  Further, the allegation that the plaintiff had time to respond contradicts the allegation that Officer Bennett released the dog simultaneously with her demand.

The amended complaint's second new allegation also fails to affect the analysis.  The plaintiff's lawful behavior and restraint from brandishing a weapon are irrelevant (except that the opposite conduct would independently justify the use of force).  As stated in the September 19, 2008, order, "[t]he reasonableness of a use of force is

measured objectively and is 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" (Doc. 11 at 6) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989))  While investigating a felony in an unfamiliar home, Officer Bennett released the dog after receiving an equivocal response to a demand for surrender.  Because Officer Bennett reasonably feared for her safety, her conduct was reasonable irrespective of whether the plaintiff actually threatened Officer Bennett's safety.  By pleading his own innocence, the plaintiff attempts to inject the benefit of hindsight into the analysis of Officer Bennett's split-second decision to release the dog.

Furthermore, even if the amended complaint alleges a constitutional violation, Officer Bennett enjoys qualified immunity.  "[G]enerally no bright line exists for identifying when force is excessive; . . . unless a controlling and materially similar case declares the official's conduct unconstitutional, a defendant is usually entitled to qualified immunity." Priester v. City of Riviera Beach, 208 F.3d 919, 926 (11th Cir. 2000).  The plaintiff argues that Vathekan v. Prince George's County, 154 F.3d 173 (4th Cir. 1998), and Kuha v. City of Minnetonka, 365 F.3d 590 (8th Cir. 2004), require Officer Bennett to warn the plaintiff before releasing the dog.  (Doc. 19 at 6, 7)  Neither case supports the plaintiff's argument.

In Vathekan, a police officer responding to a burglary released a police dog into a home.  The police dog seized the plaintiff as she slept in her bed.  Applying the three-factor reasonableness test described in Graham v. Connor, the Fourth Circuit found objectively unreasonable the police officer's failure to verbally warn of the presence of a dog. Unlike in the officer in Vathekan, Officer Bennett warned the plaintiff of the dog's

presence, and the plaintiff—who was awake—responded equivocally to the demand for surrender.  Furthermore, the Fourth Circuit subsequently noted that Vathekan holds only that "the unwarned deployment at issue in that case was unreasonable." Estate of Rodgers v. Smith, 188 F. App'x 175, 181 (4th Cir. 2006) (emphasis in original). Application of the Graham v. Connor reasonableness test requires careful attention to the facts of each case and must allow "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Estate of Rodgers, 188 F. App'x at 181.

Kuha v. City of Minnetonka, 365 F.3d 590 (8th Cir. 2004) also fails to alert Officer Bennett that her conduct was unreasonable.  In Kuha, a police officer pulled over the plaintiff for failing to dim his lights when he approached oncoming traffic.  The plaintiff exited his vehicle and fled into a nearby swamp.  The officer called for a canine unit. After thirty minutes, the dog found and seized the plaintiff, who had stripped to his boxer shorts after swimming through the swamp.  The court stated that under the circumstances the officer unreasonably failed to warn of the presence of the dog; however, the court noted that a warning is not always feasible.  Although the officer's failure to warn of the presence of the dog was unreasonable, the officer enjoyed qualified immunity.  Unlike the officer in Kuha, Officer Bennett warned the plaintiff of the dog's presence and received an equivocal response.  Finally, Officer Bennett's conduct does not lie "so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the

lack of caselaw." Priester, 208 F.3d at 926. Even if the complaint alleges a constitutional violation, Officer Bennett is qualifiedly immune. Accordingly, Count II of the amended complaint (Doc. 13) is **DISMISSED**.

In Count III, the plaintiff asserts a claim against the City pursuant to Section 1983. Although permitted to sue a municipality under Section 1983, a plaintiff may not rely on the theory of *respondeat superior*. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"); see also McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003). To assert a Section 1983 claim against the City, the plaintiff must demonstrate the violation of a constitutional right caused by enforcement of a policy or custom of the City. McDowell, 392 F.3d at 1289 (citing City of Canton v. Harris, 489 U.S. 378 (1989)). A plaintiff may premise municipal liability on a municipal policy of failing to train or supervise municipal employees. City of Oklahoma v. Tuttle, 471 U.S. 808 (1985). However, a plaintiff may not rely on a single incident to allege a "policy" of inadequate training. Tuttle, 471 U.S. at 823-24. The City is liable for a failure to train only if the failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Based on information and belief, the plaintiff alleges that "the unconstitutional actions and/or omissions of Defendant Bennett were pursuant to the . . . customs, policies, practices, and/or procedures of the Defendant City of Lakeland, which were directed, encouraged, allowed, and/or ratified by the appropriate policy-making officer

for Defendant City of Lakeland." (Doc. 13, ¶ 51) The plaintiff alleges the following unconstitutional customs and policies: (1) tolerance of "the use and application of control holds and dog-biting during the seizure of a person"; (2) failure to train officers in the proper use of control holds; (3) failure to train officers in the proper use of canines; (4) tolerance of "unreasonable seizures"; and (5) concealment of constitutional violations. (Doc. 13, ¶ 51)

The amended complaint lacks a single factual allegation supporting the alleged deliberate acts or policies by the City. Furthermore, as stated in the September 19, 2008, order, "'the mere use of a police dog trained to bite and hold does not rise to the level of a constitutional violation.'" (Doc. 11 at 5) (quoting Kuha v. City of Minnetonka, 365 F.3d 590, 599 (8th Cir. 2004)). Thus, the City's alleged tolerance of "the use and application of control holds and dog biting during the seizure of a person" is not an unconstitutional policy. The plaintiff's alleged policies of inadequate training also fail because these policies are based upon only one incident—the plaintiff's encounter with Officer Bennett. See City of Oklahoma v. Tuttle, 471 U.S. 808 (1985). The plaintiff alleges no fact supporting his belief that the City failed to train Officer Bennett or the dog. The plaintiff's fourth and fifth unconstitutional "policies" fail to support a claim against the City because the plaintiff alleges neither an unreasonable seizure nor any other constitutional violation for the City to conceal. By failing to allege a predicate constitutional violation by Officer Bennett, the amended complaint fails to state a claim against the City. Count III of the amended complaint is **DISMISSED**.

In sum, for reasons stated above and in the September19, 2008, order (Doc. 11), Counts II and III of the amended complaint are **DISMISSED**.[3]  Dismissal of the plaintiff's Section 1983 claims, the sole basis for federal jurisdiction over this lawsuit, eliminates subject matter jurisdiction over the plaintiff's remaining claims.  See 28 U.S.C. § 1367(c)(3).  Accordingly, this action is **REMANDED** to the Circuit Court for Polk County, Florida.  See 28 U.S.C. § 1447(c); Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Polk County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on October 31, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Because Counts II and III are dismissed, the defendants' motion (Doc. 16) to strike is **DENIED AS MOOT**.